IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JANE DOE 6                                                                                      PLAINTIFF

VS.                                                       CIVIL ACTION NO. 3:14-CV-32-NBB-SAA

RUST COLLEGE, SYLVESTER
OLIVER, and DAVID BECKLEY,
in his official capacity as President
of Rust College                                                                               DEFENDANTS

## MEMORANDUM OPINION

Presently before the court are the defendants Rust College and David Beckley's motion for partial summary judgment and partial motion to dismiss. Upon due consideration of the motions, responses, and applicable authority, the court is ready to rule.

Factual and Procedural Background

The plaintiff, Jane Doe 6, alleges that, while a student attending Rust College, she was sexually harassed and assaulted by Sylvester Oliver,[1] a former Rust College employee, from March 2009 until her graduation from Rust College in April 2012. The plaintiff did not identify in her complaint the dates on which the alleged harassment and assaults occurred, making it impossible for the defendants to raise a statute of limitations defense by Rule 12 motion earlier in the litigation. The plaintiff has now, however, provided sworn testimony before the Circuit Court of Marshall County, Mississippi, on November 16, 2014, during criminal proceedings involving Sylvester Oliver which sets forth her claims in more detail.

The plaintiff testified that at the end of the 2008-2009 school year, Oliver grabbed her legs during a meeting in his office. She testified that she reported the incident to a Rust College

---

[1] Oliver was initially a defendant in this action but has now been dismissed by stipulation.

employee who said there was nothing the plaintiff could do about the incident because "everyone knows." The plaintiff further testified that a second incident occurred in Oliver's office in 2010. Oliver approached the plaintiff from behind and pressed his pelvic area against her, and the plaintiff could feel Oliver's penis pressed against her. The plaintiff again reported the incident to a Rust College employee and asked the employee to report the incident, but the employee stated to her, "It didn't happen to me," and encouraged the plaintiff to report the incident herself. In addition to these two incidents of unwelcomed touching, the plaintiff alleges that Oliver made verbal sexual advances to her until she graduated in 2012.

The plaintiff filed her complaint on February 14, 2014, asserting claims for violation of Title IX of the Education Amendments of 1972; negligence; negligent hiring, supervision, and retention; premises liability; and intentional infliction of emotional distress. The defendants have moved for partial dismissal and for partial summary judgment asserting that some of the plaintiff's claims are barred by the statute of limitations.

## Analysis

The defendants assert that because the plaintiff's complaint was filed on February 14, 2014, all events that occurred prior to February 14, 2011, including both attempted sexual assaults, are not actionable because they are barred by the three-year statute of limitations that governs the plaintiff's Title IX claim and most of her state law claims. The defendants further argue that the plaintiff's claim for intentional infliction of emotional distress is completely time-barred because it is subject to a one-year statute of limitations, and all alleged events occurred prior to February 14, 2013, as the plaintiff graduated from Rust College in 2012.

Title IX of the Education Amendments of 1972 prohibits any educational institution receiving federal financial assistance from discriminating on the basis of sex. 20 U.S.C. § 1681 *et seq.* Rust College is a recipient of federal funds and as a result is bound by Title IX. Congress, however, has not provided a statute of limitations applicable to claims brought under Title IX. The court must therefore "borrow" a limitations period from the most closely analogous state statute. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 158 (1983). Title IX claims in Mississippi borrow the three-year general personal injury limitations period. *See Chestang v. Alcorn State University*, 820 F. Supp. 2d 772, 777 (S.D. Miss. 2011); Miss. Code Ann. § 15-1-49.

Plaintiff's claims for negligence; negligent hiring, supervision, and retention; and premises liability are similarly subject to Mississippi's three-year general personal injury limitations period. *See Pitt v. Watkins*, 905 So. 2d 553, 558 (Miss. 2005) (holding that § 15-1-49 applies to claims for negligence); *Carter v. Citigroup*, 938 So. 2d 809, 817 (Miss. 2006) (holding that § 15-1-49 applies to claims for negligent hiring). Plaintiff's claim for intentional infliction of emotional distress is subject to a one-year limitations period. Miss. Code Ann. § 15-1-35. *See also Jones v. B.L. Development Corp.*, 940 So. 2d 961 (Miss. Ct. App. 2006) (applying § 15-1-35 to a claim for intentional infliction of emotional distress).

The plaintiff asserts the following arguments in response to the defendants' motion: the motion should be stayed for further discovery; the plaintiff's claims did not accrue at the time of the sexual harassment; and the continuing violation doctrine applies to the otherwise time-barred federal law claims. The court finds each of the plaintiff's arguments unpersuasive.

First, the plaintiff's request to stay the motion pending further discovery must be denied because the plaintiff has failed to satisfy the requirements of Federal Rule of Civil Procedure 56(d). The rule provides as follows:

> **(d) When Facts Are Unavailable to the Nonmovant.**
> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

"If a party needs more discovery to defeat a motion for summary judgment, they must seek a continuance by bringing a motion" under Rule 56(d). *Raborn v. Inpatient Mgmt. Partners, Inc.*, 352 Fed. Appx. 881, 884 (5th Cir. 2009). "Rule 56(d) requires a party requesting additional discovery as to facts essential to its opposition of a motion for summary judgment to present an affidavit or declaration." Fed. R. Civ. P. 56(d); *Leza v. City of Laredo*, 496 Fed. Appx. 375, 377-78 (5th Cir. 2012). As the defendants note, the plaintiff has failed to identify "by affidavit or even argument, one single fact 'essential to her opposition' that she needs to discover." The plaintiff's request for further discovery must be denied.

The plaintiff argues that her cause of action was tolled because it involved a latent injury in addition to the sexual assault – that is, the defendants' inaction when it knew of Oliver's proclivity for assaulting young females but failed to intervene and prevent such conduct. In essence, the plaintiff contends the discovery rule should apply to these facts.[2] Plaintiff's counsel

---

[2]The "discovery rule," when applicable, tolls a statute of limitations, and the focus of the rule is on "the time that a plaintiff discovers, or should have discovered by the exercise of reasonable diligence, that [she] probably has an actionable injury." *First Trust Nat'l Ass'n v. First Nat'l Bank of Commerce*, 220 F.3d 331, 336 (5th Cir. 2000).

has presented this same argument in seven related cases, and the court has rejected each in turn. Similar arguments have also been made and rejected in other federal and state courts. *See Doe v. St. Stephen's Episcopal School*, 302 Fed. Appx. 386 (5th Cir. 2010); *Doe v. Roman Catholic Diocese of Jackson*, 947 So. 2d 983, 986 (Miss. Ct. App. 2006).

The plaintiff also argues that the "continuing violation doctrine" applies and preserves her claims. She has failed to cite any controlling authority supporting the contention that the doctrine applies to a Title IX claim of sexual discrimination, and district courts in other circuits have considered the issue and refused to extend the doctrine to such cases. *Gjeka v. Delaware County Community College*, 2013 U.S. Dist. LEXIS 73054, *13-15 (E.D. Penn. May 23, 2013); *Thompson v. Indep, Sch. Dist. of Stephens Co., Oklahoma*, 2013 U.S. Dist. LEXIS 65320, *14 n.8 (W.D. Okla. May 8, 2013). Further, equitable tolling doctrines such as the continuing violation doctrine should be applied sparingly. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).

Even if the continuing violation doctrine applied to a private Title IX claim, it would not apply in the present case. It is well settled in the Fifth Circuit that the continuing violation doctrine applies only where the discrimination manifested over time rather than in a series of discrete acts, such as the acts alleged by the plaintiff herein. *Frank v. Xerox*, 347 F.3d 130, 136 (5th Cir. 2003). The Supreme Court has explained that claims based on "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Morgan*, 536 U.S. at 113. "A discrete retaliatory or discriminatory act 'occurred' on the day that it 'happened.'" *Id.* at 110.

Here, the two attempted assaults and each unwanted sexual advance made by Oliver toward the plaintiff are discrete acts of harassment, not "discrimination manifesting itself over time." Any discrete discriminatory act alleged by the plaintiff that occurred prior to February 14, 2011, is time-barred.

As a final note, the court finds that it is appropriate to grant the defendants' motion to dismiss, overruling the plaintiff's objection that the court went outside the pleadings to examine the transcript of the plaintiff's testimony before the Marshall County Circuit Court. In ruling on a motion to dismiss, the court generally may not look beyond the pleadings. *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994). The Fifth Circuit has provided some narrow exceptions to this mandate, however. *Sheppard v. Texas Dep't of Transportation*, 158 F.R.D. 592, 595 (E.D. Tex. 1994). For instance, the court may consider documents outside the pleadings which provide information central to the claim and which assist the court in "making the elementary determination of whether a claim has been asserted." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). It is, therefore, proper for the court to consider the pending motion under Rule 12. Regardless, as the defendants argue, even under Rule 56 analysis, the issues presented here are ripe for summary judgment review because the issues are clear, and as addressed above, the plaintiff has failed to meet her burden under Rule 56(d) showing why the case should be stayed for further discovery.

## Conclusion

For the foregoing reasons, the court finds that the defendants' partial motion to dismiss is well taken and should be granted. The plaintiff's claims based on events that occurred before February 14, 2011, are barred by the statute of limitations. Because it would be redundant to

grant the defendants' motion for partial summary judgment, though it is within the court's authority to do so, that motion shall be dismissed as moot. A separate order in accord with this opinion shall issue this day.

This, the 25th day of September, 2015.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**